**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-03808-RMR

ABDOULAKHATE NDIAYE,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Petitioner Abdoulakhate Ndiaye ("Petitioner") entered the United States in 2023 and was detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶¶ 6, 33. ICE released Petitioner on his own recognizance pursuant to 8 U.S.C. § 1226(a). *Id.* ¶ 6. On May 9, 2026, nearly three years later, ICE re-arrested Petitioner without notice, process, changed circumstances, or a pre-deprivation hearing. *Id.* ¶ 7. Prior to his r-detention, Petitioner lived with his uncle and sister. *Id.* ¶ 33.

On July 30, 2026, an Immigration Judge ordered Petitioner to be removed to Senegal. *Id.* ¶ 36. Petitioner has appealed the Immigration Judge's decision and remains in removal proceedings. *Id.* Petitioner argues he will not receive a fair, unbiased consideration of release on bond, if the Court orders a bond hearing. *Id.* Thus, Petitioner seeks immediate release from custody or, in the alternative, a "bond hearing within seven days and at which Respondents must demonstrate by clear and convincing evidence that continued custody of any kind is necessary.[1] *Id.* at 19. Respondents "are not submitting a brief in opposition to the Petition" and "recognize that the Court may then decide to grant the Petition and award appropriate relief." ECF No. 9 at 1-2.

With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting

[1] Petitioner filed his Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF No. 2. Respondents filed a Response to the Petition, ECF No. 9.

evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C

§ 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
5. On or before **September 3, 2026**, Respondents shall file a status report certifying compliance with this Order; and
6. Because Petitioner has received the relief he requests, his Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 2, is **DENIED AS MOOT**.

DATED: August 27, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge